IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

REGINALD LASTER,                                                                                    PLAINTIFF

V.                                                                                         NO. 4:06CV154-P-D

MARKISHA MARTIN, et al.,                                                                        DEFENDANTS

**OPINION**

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate currently incarcerated at the Mississippi State Penitentiary, files this *pro se* complaint pursuant to 42 U.S.C. § 1983. He states that he received a Rule Violation Report (RVR), for engaging in indecent exposure. He appeared before a disciplinary committee which conducted a hearing on the RVR, was found guilty of the offense, and was punished for the violation. Plaintiff contends that he was not guilty of the charges, that the charges were discriminatory and that his right to privacy has been violated, and that he should not have been punished.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

Federal courts do not "second-guess" the findings and determinations of prison disciplinary committees. The Plaintiff was afforded a disciplinary hearing on the RVR, thus meeting the due process requirements of *Wolff v. McDonnell*, 418 U.S. 539 (1974). The Constitution does not demand "error-free decision making ...." *Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984) (quoting *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983)).

It is clear that whether claims are habeas corpus or civil rights in nature a plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. *Irving*

*v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)(citing 28 U.S.C. § 2254(a) (1982); *Baker v. McCollan*, 443 U.S. 137 (1979); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the event there is no constitutional right, the plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)).

Despite Plaintiff's use of the term "right to privacy," the constitution has not implicated by the facts of this case. *Oliver v. Scott*, 276 F.3d 736, 745-46 (5th Cir. 2002) (prisoner's right to privacy is minimal); *see*, *Sinclair v. Stalder*, 2003 WL 22436063 at *1, 78 Fed. Appx. 987, 989 (5th Cir. Oct. 28, 2003) (use of female officers to supervise male inmates does not violate the First Amendment right to privacy). Since the acts complained of by Plaintiff meet the due process requirements, they do not rise to the level of a constitutional violation. Therefore they must be dismissed as failing to state a cause of action upon which relief may be granted.

A final judgment in accordance with this opinion will be entered.

THIS the 10th day of October, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE